2014 UT App 135

STATE of Utah, in the interest of J.A.A., J.C.A., J.J.A., and J.E.A., persons under eighteen years of age.

M.A. Appellant,

v.

State of Utah, Appellee.

No. 20140226–CA.

Court of Appeals of Utah.

June 12, 2014.

Mary Anne Ellis, Attorney for Appellant.

Sean D. Reyes and John M. Peterson, Salt Lake City, for Appellee.

Martha Pierce, Guardian ad Litem.

Before Judges GREGORY K. ORME, MICHELE M. CHRISTIANSEN, and PAMELA T. GREENWOOD.[1]

Decision

PER CURIAM:

¶ 1 M.A. (Father) appeals the order terminating his parental rights in J.C.A. Father is not the biological or legal father of J.C.A.'s siblings and had no parental rights to those children. We affirm.

¶ 2 "[I]n order to overturn the juvenile court's decision, the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation and internal quotation marks omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *Id.* Therefore, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶ 3 The juvenile court concluded that several grounds supported termination of Father's parental rights. Pursuant to Utah Code section 78A-6-507, the finding of a single enumerated ground will support the termination of parental rights. Utah Code Ann. § 78A-6-507 (LexisNexis 2012). Therefore, it is sufficient if the evidence supports any of the grounds for termination found by the juvenile court. The court concluded that J.C.A. had been abused and neglected by Father, *see id.* § 78A-6-507(1)(b), and that Father was an unfit or incompetent parent, *see id.* § 78A-6-507(1)(c). The court found that J.C.A. had been in an out-of-home placement under the supervision of the court and the Division of Child and Family Services (DCFS), *see id.* § 78A-6-507(1)(d)(i); that Father had "substantially neglected, willfully refused, or has been unable or unwilling to remedy the circumstances that caused [J.C.A.] to be in an out-of-home placement," *see id.* § 78A-6-507(1)(d)(ii), and that "there is a substantial likelihood that [Father] will not be capable of exercising proper and effective parental care in the near future," *see id.* § 78A-6-507(1)(d)(iii). The court found that Father failed in his parental adjustment because he had been unable or unwilling within a reasonable time to substantially correct the circumstances, conduct, or conditions that led to placement of the child outside the home notwithstanding the reasonable and appropriate efforts of DCFS. *See id.* § 78A-6-507(1)(e). Finally, the court

---

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11-201(6).

found that it was in the best interests of J.C.A. that Father's parental rights to J.C.A. be terminated. Father's petition on appeal challenges only the finding that he is an unfit parent. Because the evidence supports one or more of the remaining unchallenged grounds, even a successful challenge to the unfitness determination would not support reversal.

¶ 4 Father claims that the juvenile court failed to recognize the significant amount of services he completed and the insight he presented at trial. The detailed findings of fact reflect the juvenile court's consideration of the services, and Father essentially disputes the juvenile court's assessment of the facts. Father completed some services with a provider who was not approved by DCFS. Father concedes that after the DCFS team examined the provider's credentials and licensing, it determined that the provider was not qualified to provide the services and that the services were inadequate. Even that provider had referred Father to Valley Mental Health for additional services, which Father did not access. Although Father then obtained an assessment from a second provider, he did not complete the recommended domestic violence treatment and counseling. That second provider testified that Father continued to have anger issues and that Father and his wife, J.C.A.'s mother, had significant problems with conflict resolution and communication. Father's claim that he participated in marriage counseling is incorrect. He was an invited guest at some sessions with his wife's individual therapist. The juvenile court found that Father had employment and income, but he did not use his earnings to provide support to the family. Father and J.C.A.'s mother frequently separated. When they were together, Father was out of the home eighty percent of the time. Father and J.C.A.'s mother leased a suitable home in June 2013, which was a year after the removal. The juvenile court found that Father had not internalized the skills he verbalized, continued to have problems with anger and domestic violence, and did not recognize the severity of his actions toward the children, including his physical punishment. The juvenile court's findings amply supported the ground for ter-mination under section 78A–6–507(1)(d) by demonstrating that Father had been unable to remedy the circumstances that caused J.C.A. to be in an out-of-home placement and there was a substantial likelihood that he would not be capable of exercising proper and effective parental care in the near future. Similarly, the findings support a determination that Father failed in his parental adjustment.

¶ 5 Father's challenge to the best interests finding asserts that there were other alternatives available to the juvenile court, including permanent custody and guardianship with the foster parents. He asserts that terminating parental rights would make it less likely that the children would have sibling contact because they would not be visiting the biological parents. However, the juvenile court found, and the evidence supported, that DCFS ensured that the foster families would facilitate sibling contact. Father argues that J.C.A. told his foster parents that he wanted to return home. However, J.C.A. also told his therapist that he wanted to remain in his foster home. J.C.A. flourished in the foster home despite having come into custody with serious behavioral problems and untreated Attention Deficit Hyperactivity Disorder. J.C.A. had been in the foster home for one year. The foster family had recently made a significant effort to adjust their living arrangements to allow them to adopt another of J.C.A.'s siblings. The best interests findings are amply supported.

¶ 6 Because "a foundation for the court's decision exists in the evidence," we affirm the juvenile court's order terminating Father's parental rights. *See In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.